UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA ROBINSON,

    Plaintiff,                                              CASE NO.   6:11-cv-202-Orl-19GJK

v.

PORTFOLIO RECOVERY ASSOCIATES,
INC.,

    Defendant.
_____/

### PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LISA ROBINSON ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in Deltona, Volusia County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a its headquarters located in Norfolk, Virginia.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff several times a day on her home telephone, at 407-878-4425.

14. Defendant contacts Plaintiff from telephone numbers, 205-423-4020, 752 864-0020 and 757-961-3544.

15. Defendant constantly and continuously calls Plaintiff's mother's home despite being told discontinue doing so.

16. Defendant threatened to file a lawsuit against Plaintiff. To date, no lawsuit has been filed.

17. Defendant threatened to garnish Plaintiff's child support check.

18. Defendant threatened to freeze Plaintiff's tax returns.

19. Defendant calls Plaintiff and fails to state the call is from Portfolio Recovery Associate, Inc.

20. Defendant calls Plaintiff and fails to state that the call is from a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

b) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

c) Defendant violated *§1692d(6)* of the FDCPA by failing to provide meaningful disclosure of the caller's identity because Defendant does not state that the call is from Portfolio Recovery Associates;

d) Defendant violated *§1692e(4)* of the FDCPA by threatening to garnish Plaintiff's child support checks;

e) Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff when Defendant has not and does not intend to take such action;

f) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant threatened to garnish Plaintiff's child support checks;

g) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant threatened to file a lawsuit against Plaintiff when Defendant has not and does not intend to take such action;

h) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant threatened to garnish Plaintiff's child support checks; and,

i) Defendant violated *§1692e(11)* of the FDCPA by failing to state the the calls are from a debt collector.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

23. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

24. Any other relief that this court deems to be just and proper.

//

//

//

//

RESPECTFULLY SUBMITTED,

By: _____
James Pacitti
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone:  (323) 988-2400 x230
Fax:     (866) 802-0021
jpacitti@consumerlawcenter.com
Attorney for Plaintiff
FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LISA ROBINSON hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, LISA ROBINSON, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, LISA ROBINSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 1/4/11

LISA ROBINSON,
Plaintiff

VERIFIED COMPLAINT                                                                 6